HAROLD A. SCHWARTZ ET AL. *v.* TOWN PLANNING AND ZONING COMMISSION OF LITCHFIELD

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued December 6, 1974—decision released April 8, 1975

*Frank H. Finch, Jr.*, with whom, on the brief, were *Carmine R. Lavieri* and *David M. Cusick,* for the appellants (plaintiffs).

*Walter M. Pickett, Jr.*, for the appellee (defendant).

LOISELLE, J. After a public hearing held July 21, 1970, the planning and zoning commission of the town of Litchfield approved a zoning map and regulations for the town.[1] The plaintiffs, who all owned properties along route 25 in the town of Litchfield, some of which were devoted to commercial use, and whose properties were located in an area zoned residential under the regulations, appealed to the Court of Common Pleas claiming to be aggrieved. The court found aggrievement on the part of some plaintiffs[2] but found the issues for the defendant and dismissed the appeal. An appeal was taken from the judgment after certification was granted.

The defendant raises a jurisdictional question, claiming that there is no right of appeal from the establishment of a zoning ordinance but only from amendments or changes made after its adoption. Prior to 1947, there was no right of appeal from the action of a zoning commission for the establishing, amending or changing of any zoning regulation. See *Long* v. *Zoning Commission,* 133 Conn. 248, 50 A.2d 172. Thereafter, Public Acts 1947, No. 418 § 8 (now General Statutes § 8-9), was enacted, giving a right of appeal from a zoning commission to the Court of Common Pleas in the manner provided for appeals from local boards of appeal. Section 8-8 of the General Statutes gives a right of appeal from a board of appeals to any person aggrieved by any decision of that board. Section

---

[1] Zoning regulations which had previously been adopted in Litchfield were declared invalid in 1950. See *Jack* v. *Torrant,* 136 Conn. 414, 71 A.2d 705.

[2] The claim that the court erred in not finding one of the plaintiffs aggrieved need not be considered as this determination would have no effect on the result of this appeal. Four plaintiffs were found aggrieved, and consequently the issues relevant to all claimed errors on the part of the zoning commission are reviewed.

8-3 details the procedure by which zoning regulations are enacted and provides for the same type of public notice and public hearing as that required for any amendment to a zoning ordinance. So far as a right of appeal is concerned, there is no distinction between the establishment of a zoning ordinance and the amendment to a zoning ordinance. The plaintiffs have a right of appeal to the Court of Common Pleas by virtue of § 8-9 and upon certification to this court.

Prior to the hearing before the court, the plaintiffs made a motion to present evidence which would supplement the contents of the record returned by the defendant, and which pertained to remarks made by the commission chairman immediately prior to the hearing of July 21, 1970; the issue of predetermination; the introduction of documentary evidence; and the character and development of route 25 where the properties of the plaintiffs were located. The court, pursuant to § 8-8 of the General Statutes, allowed evidence to be presented and made a limited finding restricted to that evidence. The plaintiffs claim that the court erred in not including twenty paragraphs from their draft finding. Only facts which are admitted or undisputed may be added to the limited finding. Practice Book §§ 627, 628 (a); *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215, 319 A.2d 376; *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 267, 287 A.2d 374. Those paragraphs relating to the testimony of the chairman concerning his remarks prior to the hearing of July 21, 1970, are added to the limited finding, as it appears in the record that they were admitted by the chairman in his testimony. Also, it is undisputed that following the public hearing held July 21, 1970, the defendant commission met

and without change adopted the map and regulations. The remaining paragraphs in the draft finding are neither admitted nor undisputed and consequently are not added to the limited finding. *Walsh* v. *Turlick,* 164 Conn. 75, 77, 316 A.2d 759.

The plaintiffs claim that the record returned by the commission as supplemented by such evidence as was given at the hearing on appeal to the Court of Common Pleas was so deficient that their right of review was effectively denied. Photographs of sections of route 25 which were presented by the plaintiffs at the hearing of July 21, 1970, and were lost prior to the appeal were not necessary to a full determination of the appeal in view of the testimony presented before the Court of Common Pleas as detailed in the limited finding as corrected. At any rate, the court's denial of the motion to correct the finding relating to the missing photographs was not included in the plaintiffs' assignments of error.

It was admitted that the hearing opened at about 8 p.m. and closed at about 10:30 p.m. on July 21, 1970. There is no claim that anyone who wished to be heard was denied that opportunity or that his remarks were not recorded in accordance with § 8-7a of the General Statutes.[3] The only claim, as stated in the plaintiffs' motion to present evidence to the Court of Common Pleas, is that the opening remarks of the chairman made "prior to the hearing of July 21, 1970," were not recorded and are not part of the record.

---

[3] "[General Statutes] Sec. 8-7a.   EVIDENCE AT HEARINGS TO BE TAKEN BY STENOGRAPHER OR RECORDED.   The zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device, in each hearing before such commission or board in which the right of appeal lies to the court of common pleas."

During the court hearing, notes consisting of four sheets of paper prepared by the chairman were introduced into evidence. The first page consisted of an outline of his remarks. The remarks of the chairman included a statement substantially to the effect that "route 25 is a problem and we recognize it." It also appears in the record that the exhibit did contain the "gist" of his remarks. The notes of the chairman, which he admitted contained the gist of his remarks and his testimony, were sufficiently complete for the court to consider them with the transcript of all evidence presented at the hearing and to render a decision based on the entire proceedings before the commission.

The plaintiffs claim that the court erred in ruling to exclude certain testimony which they sought to elicit from the commission chairman. While the chairman was testifying he was asked, "Wasn't it the essence of your speech that you were going to zone route 25 residential and allow change on a case by case basis when, as and if people should wish to enlarge or extend business development?" The defendant objected. One of the grounds of objection was that it was not the intention of the witness that was material but that of the commission. The court then stated, "I think you are going to have to rephrase your question. I will sustain the objection to your question." An exception was taken and no further questioning is noted in the record or appendices. Evidence of the individual views of one member of a zoning commission is not competent to show the reasons actuating the commission or the grounds of its decision. *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 214, 257 A.2d 795; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 20, 157

A. 273; see also *Woodford* v. *Zoning Commission,* 147 Conn. 30, 31, 156 A.2d 470. It is obvious that the ruling was based on this principle. Moreover, there is no indication of any further effort by the plaintiffs to pursue the subject on other grounds. See *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 251, 268 A.2d 391.

The plaintiffs next contend that the defendant commission did not adopt a comprehensive plan of zoning but rather intended to regulate the business and industrial growth of the town on a case by case basis. The statements of the chairman in response to a question only indicated that if there were a need for change of zone, "if business might be inclined to go in that direction," then "it was highly possible" there would be zone changes. In answer to another inquiry, the chairman stated that if a business were to be expanded more than 25 percent there would be need for a public hearing. There was no indication whether that meant a public hearing of a zoning commission or a board of appeals. He continued in answer to the same inquiry that "in all probability" if "because of more business coming in there and this is the direction it may go, we'll probably welcome it and change accordingly." Such remarks are not an indication of an intent to control business and industrial growth on a case by case basis. The plaintiffs also point to the testimony of a witness relating to hearsay remarks of one member of the commission concerning zone changes for individuals. The question of credibility is for the trier; *Malarney* v. *Peterson,* 159 Conn. 342, 344, 269 A.2d 274; *Banks* v. *Adelman,* 144 Conn. 176, 179, 128 A.2d 534; it is evident that the court did not credit this testimony.

An examination of the plan of development which contains 180 pages of text with numerous exhibits and appendices clearly shows a thorough consideration of the needs of the community, including those of the plaintiffs, and that the decision arrived at by the defendant commission was the result of a careful study. The zoning regulations as enacted were in harmony and consistent with the plan of development. "Courts cannot substitute their judgment for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers. *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160; *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 75, 167 A.2d 454; *Tarasovic* v. *Zoning Commission* . . . [147 Conn. 65, 71, 157 A.2d 103]. The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. See *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597." *Stiles* v. *Town Council,* 159 Conn. 212, 218, 268 A.2d 395.

The plaintiffs charge that the approval of the regulations and map by the defendant commission on July 21, 1970, was made by predetermination. This charge is based on extensive opposition expressed at the public hearing; the chairman's use of the past tense in referring to the action of the board at the hearing; the chairman's argumentative posture at the hearing; portions of the minutes of the defendant commission's meetings prior to the hearing; and the immediate approval of the regulations without change after the close of the hearing. The remarks of the chairman in response to inquir-

ies explained the proposed regulations, their effect, and the rights of amendment under proper conditions. They cannot be said to be argumentative or an indication that the commission had already predetermined adoption. Nor do the portions of the minutes of prior meetings of the commission which are included in the plaintiffs' appendix indicate predetermination. What they do indicate is an exercise of the commission's duty to prepare a tentative proposal that would meet the needs of the community in accordance with the plan of development. The commission, of necessity, had to propose tentative zoning regulations to comply with statutory requirements. It could not act in a vacuum. It is true that if the public hearing were held merely to comply with statutory requirements, with no thought of changing the proposal regardless of what might have developed at the hearing, the action of the commission would be arbitrary and invalid. By presenting tentative regulations, however, especially an original complete set of regulations, after a considerable amount of time preparing them, a tentative conclusion that the plan is desirable and worthy of adoption is not a predetermination. *Couch* v. *Zoning Commission,* 141 Conn. 349, 357, 106 A.2d 173. "The question is not whether there was evidence, circumstantial or otherwise, from which the court could have found that the commission, in advance of the public hearing, had made up its mind. The question is whether the court's refusal so to find was erroneous as a matter of law, or, conversely stated, whether the court was compelled as a matter of law so to find on the evidence before it, including the record of the proceedings of the commission." *Pecora* v. *Zoning Commission,* 145 Conn. 435, 444, 144 A.2d 48. An examina-

tion of all the instances which the plaintiffs claim add up to predetermination does not compel such a finding.

The final claim is that the approval of the regulations and map on July 21, 1970, resulted in the confiscation of the plaintiffs' property. Whether such a claim can be made "until the function of the board of appeals has been called into play" need not be determined. See *Florentine* v. *Darien,* 142 Conn. 415, 426, 115 A.2d 328. Zoning regulations do involve to some extent restriction of use of property. *State* v. *Hillman,* 110 Conn. 92, 147 A. 294. The zoning regulations for the town of Litchfield allow nonconforming uses, expansion of nonconforming use up to 25 percent, and the right of appeal in instances of hardship. An examination of the record of the doings of the zoning commission, the exhibits, and the record on appeal does not show that the zoning regulations enacted on July 21, 1970, were unreasonable, arbitrary or confiscatory to the plaintiffs.

There is no error.

In this opinion the other judges concurred.