[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal from the action of the Town of Avon Inland Wetlands Commission (the "Commission") denying their application to conduct regulated activities within inland Wetlands or watercourses located on lot 34, White Birch Lane in Avon, Connecticut (the "property").
The plaintiffs acquired the property in March, 1981. The property consists of approximately one acre located in an R40 zone land is part of a residential subdivision which was approved and developed in the early 1960's. Prior to 1985 the property could not be developed due to the unavailability of public water and sewers.
The property has a frontage of 150 feet on White Birch Lane. It is free of wetlands to a depth of approximately 60 feet from the street line. More than one half of the remainder of the property contains wetlands.
On June 8, 1989 the plaintiffs applied to the Commission for approval to conduct the following six activities in wetlands and within forty feet of wetlands: 1) excavation and removal of material for a house; 2) excavation and removal of material for a driveway; 3) construction of a house; 4) filling and grading for a house; 5) construction of a driveway; and 6) filling and grading for the driveway. The Commission conducted a public hearing on the application on July 18, 1989, which hearing continued on August 15, 1989.
At the public hearing the plaintiffs' soil scientist stated CT Page 3413 that the wetlands located on the property were moderate to moderately high in quality and that the proposed construction would result in a permanent loss of the disturbed wetlands in the area to be cleared and filled.
On September 5, 1989 the Commission unanimously denied the application for the reason that the "proposed plan would result in a significant impact on the wetlands."
As owners of the property the plaintiffs have a specific, personal and legal interest in the subject matter of the Commission's decision different from that of the community as a whole, which interest will be specifically and injuriously affected by that decision. Therefore, they are aggrieved. Hall v. Planning Commission,181 Conn. 442, 444, 435 A.2d 975 (1980). Moreover, the owner of property which is the subject of the decision of a municipal commission is considered to be aggrieved for the purpose of taking an appeal. Bossert Corp. v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968); Rogers v. Zoning Board of Appeals,154 Conn. 484, 488, 227 A.2d 91 (1967).
The plaintiffs have not pursued their claims that the Commission's reason for denial of the application was inadequate or not supported by the record. The express purpose of the inland wetlands statutes is to minimize the impact of development on inland wetlands. See Connecticut General Statutes 22a-36. There is ample evidence in the record to support the Commission's reason for denial of the application, which was that the proposed development would have a significant impact on inland wetlands.
The plaintiffs claim that the denial of their inland wetlands application constitutes an unconstitutional taking of their property. They content that their application proposed the only feasible use of the property and the denial of the application rendered the property worthless.
The denial of a single inland wetlands application generally does not constitute an unconstitutional taking. Brecciaroli v. Commissioner of Environmental Protection, 168 Conn. 349, 357-358,362 A.2d 948 (1975); Vartelas v. Water Resources Commission,146 Conn. 650, 658, 153 A.2d 822 (1959).
In Brecciaroli, the Court stated:
 Short of regulation which finally restricts the use of property for any reasonable purpose, resulting in a `practical confiscation', the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree CT Page 3414 of diminution in value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner. 168 Conn. at 356.
The Court in Vartelas stated, "Until it appears that the plaintiff has been finally deprived . . . of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation."146 Conn. at 658.
An inland wetlands commission shall not issue a permit for the conduct of regulated activity unless it finds that a feasible and prudent alternative does not exist. Connecticut General Statutes22a-41 (b). No such finding was made in this case. No alternatives were proposed or considered. As the plaintiffs point out, one commissioner opined that the existence of an alternative to the proposed plan was unlikely. However, that individual opinion is not equivalent to a finding by the Commission that alternatives did not exist. Cf. Schwartz v. Town Planning Zoning Commission,168 Conn. 285, 290, 362 A.2d 1378 (1975) ("Evidence of the individual views of one member of a zoning commission is not competent to show the reasons actuating the commission or the grounds of its decision").
It appears from the record that there may be alternatives to the plan proposed in the plaintiffs' application. The property adjoins another lot owned by the plaintiffs. The two lots could be combined for development purposes. The proposed house location might also be shifted on the lot.
The plaintiffs claim that the plan proposed in their wetlands application represented the only feasible use of the property. However, an alternative use which does not allow the construction of a house on the property, or which substantially reduces the property's value might be feasible and would not necessarily have a confiscatory effect. See Grillo v. Zoning Board of Appeals,206 Conn. 362, 371, 537 A.2d 1030 (1988). In Grillo the Court held that the plaintiff's inability to erect a one or two family residence on the lot did not mean that she could `make no reasonable use of the lot' or that `its market value was minimal.' The Court found that the value of the plaintiff's lot would have substantially increased if she were granted a variance to construct a residence thereon. However, without the granting of such a variance, the property had value as a side yard to an adjoining lot. Therefore, the Court held that a denial of the variance was not confiscatory.
The burden of presenting potential alternatives rests on the applicants and not on the Commission. Huck v. Inland Wetlands 
Watercourses Commission, 203 Conn. 525, 553, 525 A.2d 940 (1987). CT Page 3415 If the plaintiffs do make another application to conduct regulated activities on the property, they should present any feasible and prudent alternatives. This Court suggests that the Commission then specify those alternatives which it would deem acceptable. Otherwise, the denial of such further application may be found to have a confiscatory effect.
For the reasons set forth above, the appeal is dismissed.
AURIGEMMA, J.