[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the Plaintiffs, Lester Peterson and Mary Peterson (the "Petersons") from the decision of the Defendant, Redding Planning Commission (the "Commission"), denying the Petersons' resubdivision application.
The Petersons claim that the Commission acted illegally, arbitrarily, or in abuse of its discretion in denying the Petersons' resubdivision application.
FACTS
In February, 1990, the Petersons applied to the Commission for resubdivision approval. (ROR I, #17). The Petersons proposed a resubdivision of a 12.354+ acre parcel, located in the 2-acre zone at the southerly end, easterly side of Deacon Abbott Lane South, into three (3) lots plus a CT Page 10816 2.5 acre open space. (ROR VII, p. 7). The Petersons further proposed a 450-foot extension of Deacon Abbott Lane South. Id.
A public hearing concerning the application was opened on April 24, 1990. (ROR VII). The public hearing was continued to May 8, 1990, and then to May 24, 1990, on which date it was closed. (ROR VIII, IX). On July 24, 1990, the Commission denied the resubdivision plan.
Plaintiffs now appeal from the Commission's decision on the grounds that
 a. The Commission's decision was unsupported by the record before it insofar as it was based, in part, on the application's purported failure to meet the standards of Section 4.5.4. a and b of the Redding Subdivision Regulations for a permanent dead end road.
 b. The Commission's decision to deny the Plaintiffs' application is unsupported by the record before it insofar as it is based, in part, on Section 4.5.5. of the Redding Subdivision Regulations which is inapplicable to existing roads.
 c. The Commission misconstrued Section 4.5.6.c of the Redding Subdivision Regulations and Section 3.6.a. of the Redding Zoning Regulations when it based its decision to deny the Plaintiffs' application, in part, on the application's failure to meet minimum lot size for Lot 2.
 d. The Commission pre-judged the application insofar as it made its decision without any discussion in public following the close of the public hearing after evidencing a prejudice based on previous applications of prior owners. CT Page 10817
 e. The Commission and/or the Commission members discussed the application in private session or sessions outside of regularly scheduled public meetings.
 f. Commission member John Downey, who is a neighbor, resident across the street from the subject premises, exerted improper and undue influence on the Commission. Although Commissioner Downey formally disqualified himself from the application review, he improperly appeared at the public hearings and spearheaded the opposition to the Plaintiffs' Application before the Commission.
 g. The Commission's decision has resulted in an unconstitutional taking of the Plaintiffs' property without compensation.
 h. The Commission failed to give due regard to the improvement in public safety which would result from the development of the accessway proposed as part of the Plaintiffs' subdivision application.
(Plaintiffs' Amended Complaint, para. 7).
JURISDICTION
It is well established that "a statutory right of appeal from a decision of an administrative agency "`may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202
(1988) (Simko II), quoting Simko v. Zoning Board of Appeals,205 Conn. 413, 419, 533 A.2d 879 (1987) (Simko I) "`[Such] provisions are mandatory and jurisdictional in nature, and, if not complied with the appeal is subject to dismissal.'" Id. Section 8-28 of the General Statutes provides that appeals from decisions of planning commissions may be taken CT Page 10818 to the superior court in accordance with General Statutes8-8. AGGRIEVEMENT
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991). The test for aggrievement is twofold.
 "`First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' Nader v. Altermatt, 166 Conn. 43, 51, 347 A.2d 89 (1974)."
Id., 307-08, citing Connecticut Business and Industry Assn., Inc. v. Commission on Hospitals and Health Care, 214 Conn. 726,730, 573 A.2d 736 (1990); State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300,524 A.2d 636 (1987).
"Aggrievement is established if `there is a possibility as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.'" Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates, supra 308.
The Court finds that the Petersons were, at the time of the application at at all times referred to herein, the owners of the subject premises, and therefore are aggrieved.
TIMELINESS
Persons aggrieved may appeal from an action or decision of a planning commission "within fifteen days from the date that CT Page 10819 notice of the decision was published." General Statutes Sec 8-8
(b). In this case, notice of the Commission's decision was published on August 2, 1990 and August 7, 1990. (Record, Item 1, Legal Notice, Item 3, Request for Legal Notice.) The Town Clerk and the Chairman of the Commission, were each served on August 14, 1990, within the 15 day appeal period.
The Court finds that the appeal is timely.
SCOPE OF REVIEW
The trial court "may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion." Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 470,442 A.2d 65 (1982). "[I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record." Primerica v. Planning and Zoning Commission,211 Conn. 85, 96, 558 A.2d 646 (1989). "The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Id., citing Calandro v. Zoning Commission, 176 Conn. 439, 440, 408 A.2d 229 (1979).
Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. Central sank for Savings v. Planning and Zoning Commission, 13 Conn. App. 448, 457, 537 A.2d 510 (1988), quoting DeMaria v. Planning and Zoning Commission, 159 Conn. 534,541, 271 A.2d 105 (1970). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Primerica, supra, 96. "The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991), citing Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988). Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar,204 Conn. 4, 16, 526 A.2d 1311 (1987); DeMilo v. West Haven,189 Conn. 671, 681-82 n. 8, 458 A.2d 362 (1983).
DISCUSSION
When passing upon a subdivision application, the CT Page 10820 Commission is controlled by the regulations which it has previously adopted. Westport v. Norwalk, 167 Conn. 151, 155,157, 355 A.2d 25 (1974). A planning commission cannot disapprove a resubdivision application for a reason or based upon a standard not contained in its existing regulations. RK Development Corp. v. Norwalk, 156 Conn. 369, 376-77,242 A.2d 781 (1968). "`The planning commission . . . has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved.'" Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988), quoting Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669,674-75, 236 A.2d 917 (1967). The Commission's decision must be upheld if any reason given for denial of the subdivision is valid. Primerica, supra, 96.
Plaintiffs' Argument that Decision Unsupported by Record
The plaintiffs assert that the Commission's decision to deny their application is unsupported by the record.
The Court finds that at least two of the Commission's reasons are supported by the record. The Commission's fifth reason for denial was that the area of Lot 2 is less than 2 acres and fails to show proper front line setbacks from the road. The Commission reasoned that "[a] temporary turnaround, while it exists, is an integral part of the road and cannot, during such period, be considered part of the lot." (Emphasis added.) Id. The Commission based its reasoning on 3. 6(a) of the zoning Regulations which prohibits including a road or street right-of-way in determining minimum lot area. Redding zoning Regs. 3.6(a). The Commission found that the area of Lot 2, excluding the road right-of-way, was 1.88 acres and therefore less than the required 2.0 acres. (ROR I, #5 "Additional defects" #1.).
The plaintiffs argue that the temporary turnaround is not part of the roadway and, therefore, is included in determining the minimum lot size. The plaintiffs argue that the turnaround is an easement and, therefore, only that part of the turnaround in excess of 25% of the requisite minimum lot area, or one-half acre, is excluded in determining the minimum lot size. The plaintiffs base their reasoning on Zoning Regulations 3.6(b)[1] and 8.1.50.[2]
CT Page 10821
The question of whether a particular statute or regulation applies to a given set of facts is one of statutory interpretation. Plastic Distributors, Inc. v. Burns, 5 Conn. App. 219, 225, 497 A.2d 1005 (1985). The interpretation of a regulation by an agency charged with its enforcement is traditionally accorded great deference. (Citation omitted.) EIS v. Board of Registration, 200 Conn. 145,148, 509 A.2d 1056 (1986). "Generally, it is the function of a zoning board or commission to decide `within presented limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply.'" (Citations omitted.) Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988).
The Commission found that a temporary turnaround, while it exists, is a road for purposes of 3.6(a) and therefore must be excluded from the minimum lot area of Lot 2. Section 8.1.208 of the zoning regulations defines "road" as "[a]ny avenue, highway, lane, street or way dedicated or intended to be for vehicular travel by the general public and for access to the abutting property, excluding driveways. . . ." (Emphasis added.) Redding zoning Regs. 8.1.208. Section 4.5.6 of the subdivision regulations provide that "[a]ll dead-end roads, both permanent and temporary shall terminate in a circular turnaround. . . . Within the said turnaround there shall be a circular roadway. . . ." (Emphasis added.) Redding Subdivision Regs. 4.5.6. The Court finds that, based upon the foregoing regulations, it was reasonable for the Commission to find that a temporary turnaround, while it exists, is a road and must be excluded in determining the minimum lot area. Accordingly, the Court finds that evidence exists in the record which reasonably supports the Commission's conclusion that the area of Lot 2 is less than the requisite two acres.
The Commission's sixth reason for denial was that the application violates 4.5.6 of the Subdivision Regulations (ROR I, #5, "Additional Defects" #2.) Specifically, the Commission found that "[t]he circular turnaround fail[ed] to meet the minimum right-of-way radius on the westerly side and the specified circular roadway design with central island, as required by section 4.5.6. . . ." Id. CT Page 10822
Section 4.5.6 provides, in pertinent part, that
 [a]ll dead-end roads, both permanent and temporary, shall terminate in a circular turnaround (cul-de-sac) with minimum right-of-way radius of seventy (70) feet. Within the said turnaround there shall be a circular roadway constructed to centerline radius of forty-five (45) feet, and a natural or planted island at the center of the circle with a minimum diameter of sixty-five (65) feet.
Redding Subdivision Regs. 4.5.6. The plaintiffs admit that the subdivision plan did not show a center island. (Plaintiffs' Brief, p. 27). The Court finds that the Resubdivision Map, January 1, 1990, does not show a center island. (ROR, VI, #1.)
In addition, the Court finds that the Resubdivision Map shows that the circular turnaround does not meet the minimum right of way radius on the westerly side, and it also finds that the circular turnaround only has a right-of-way radius of about 62 feet on the westerly side. See (Resubdivision Map, ROR VI, #1.). The Court finds that the record supports the Commission's conclusion that the application violates Subdivision Regulations Sec. 4.5.6.
The plaintiffs also argue that any claimed failure to meet the requirements of Subdivision Regulations Sec. 4.5.6 is not generally grounds for a denial but rather should be handled as a condition of approval. No authority has been cited nor can the Court find any authority for such a proposition. Therefore, the Court concludes that the plaintiffs failure to meet the requirements of Subdivision Regulations Sec. 4.5.6 is a valid ground for denial.
PLAINTIFF' CLAIM THAT THE DECISION IS ILLEGAL
The plaintiffs assert that the Commission's decision is illegal on two grounds. First, the plaintiffs argue that the Commission's decision is illegal in that Commissioner Downey appeared at the hearing in violation of General Statute Sec. 8-21. Second, the plaintiffs assert that the Commission prejudged the CT Page 10823 plaintiff's application.
The plaintiffs argue that, after he disqualified himself, Commissioner Downey continued to appear and speak at the public hearings, and, therefore, violated Sec. 8-21.
Sec. 8-21 provides, in pertinent part, that
 [n]o member of any planning commission and no member of any municipal agency exercising the powers of any planning commission, whether existing under the general statutes or under any special act, shall appear for or represent any person, firm or corporation or other entity in any matter pending before the planning or zoning commission or zoning board of appeals or agency exercising the powers of any such commission or board in the same municipality, whether or not he is a member of the commission hearing such matter. No member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense.
(Emphasis added.) General Statutes 8-21. Although the courts have not yet interpreted this section, the superior court has found that section 8-11 only prohibits zoning board members from acting on behalf of, or as a spokesperson for, third parties. Massimo v. Planning Commission, 41 Conn. Sup. 196, 199, 564 A.2d 1075 (1989). Section 8-11 contains the same language as that found in8-21 and provides, in pertinent part, that
 [n]o member of any zoning commission or board and no member of any zoning board of appeals or of any municipal agency exercising the powers of any zoning commission or board of appeals, whether existing under the general CT Page 10824 statutes or under any special act, shall appear for or represent any person, firm, corporation or other entity in any matter pending before the planning or zoning commission or board or said board of appeals or any agency exercising the powers of any such commission or board in the same municipality, whether or not he is a member of the board or commission hearing such matter. No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense.
(Emphasis added.) General Statutes Sec. 8-11. "The words of the statute do not refer to a prohibition against appearing for or against an application, however, but merely prohibit appear[ing] for or represent[ing] any person, firm, corporation . . . in any matter pending. . . ." The focus of the prohibition is representation of others." Massimo, supra, 199 (citations omitted).
The record shows and the court finds that Commissioner Downey was not acting on behalf of, or as a spokesperson for, anyone other than himself.
In further support of their position, plaintiff's cite Cioffoletti v. Ridgefield Planning Zoning 209 Conn. 544, 547,552 A.2d 796 (1989) for the proposition that "Commissioner Downey's remarks at the hearing, voiced through his wife, constituted `appearing' at the hearing and violated the prohibition of [General Statutes] Sec. 8-21." (Plaintiffs Brief, p. 31.) Cioffoletti merely stands for the proposition that statements made by a commission member's wife do not constitute participation for purposes of General Statute Sec. 22a42(c).[3]
Assuming arguendo, that Cioffoletti does require a finding that the statements made by Mrs. Downey constitute "appearing" at the hearing, Sec. 8-21 only prohibits appearing on behalf of a third party. The record shows and the Court finds that Mrs. Downey did not purport to speak for anyone other than herself. Mrs. Downey's remarks, which the plaintiffs would have imputed to CT Page 10825 Commissioner Downey, are not in violation of General Statutes Sec. 8-21. Therefore, the Court concludes that the Commission's action is not rendered void by the appearance of either Commissioner Downey or his wife.
Second, the plaintiffs claim that the Commission prejudged the plaintiffs' application. "To support a predetermination claim, there must be a showing that the Commission had made up its mind regardless of any evidence or argument produced at the public hearing. Massimo, supra, 200, citing Daviau v. Planning Commission, 174 Conn. 354, 358, 387 A.2d 562 (1978); see also Cioffoletti, supra, 555. "This . . . involves a question of fact and the burden of proving the illegality [is] on the plaintiffs." Cioffoletti, supra, 555, citing Furtney v. Zoning Commission,159 Conn. 585, 594-95, 271 A.2d 319 (1970).
"In essence, the plaintiffs [must] establish that the public hearing was a sham. In the absence of a showing that the public hearing was held merely to comply with the statutory requirements, it cannot be said that the action of the commission was arbitrary, invalid or predetermined." Massimo, supra, 201, citing Schwartz v. Town Planning Zoning Commission, 168 Conn. 285,293, 362 A.2d 1378 (1975).
In support of their argument, plaintiffs point to the transcript of the July 24, 1990 meeting. The plaintiffs assert that "[i]t is apparent from the transcript that the Commission met before the meeting, because, after some opening remarks . . ., the chairman asked for a draft of a motion that had already been prepared." (Plaintiffs' Brief, p. 32-33). Thus the question is whether, after the public hearings, a commission member may form a draft of a motion denying the application where the commission had entered no discussion before rejecting the application. In Massimo, a commission member, at a meeting held after the public hearing, made a motion to deny the plaintiff's application. Massimo, supra, 200. The commission member read a draft motion to deny the application. Id., 200-201. In finding that there was no prejudgment on the part of the commission, the court stated "[t]he formal written resolution from which one member read during the voting on the application at a subsequent meeting, which the plaintiffs cite as evidence to support their argument, is evidence of a permissible subsequent determination rather than evidence of an unlawful previous determination." Id., 201-202. See also, Young v. Town Planning Zoning Commission,151 Conn. 235, 245, 196 A.2d 427 (1963). The Court concludes CT Page 10826 that the record does not support a finding that the Commission prejudged the application.
Accordingly, for all of the foregoing reasons, the appeal is dismissed.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT