[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Chester J. Later and John J. Zazzaro Jr., are the owners of approximately 14 acres of land on the west side of Main Street in Cromwell, Connecticut (the "parcel"). Prior to January 19, 1988 the parcel was zoned as "Industrial". On November 12, 1987, the plaintiffs contracted to sell the parcel for $750,000.00. In a letter dated November 2, 1987, the defendant Planning and Zoning Commission of the Town of Cromwell (the "Commission") notified the plaintiffs of its intention to rezone the parcel from "Industrial" to "Flood Plain" (the "1988 rezoning"). The "Flood Plain" zone is more restrictive than the "Industrial" zone.[1]
On or about January 19, 1988, the Commission approved the zone change of the parcel from Industrial to Flood Plain. On January 19, 1990, the plaintiffs instituted an action against the Town and the Commission seeking damages associated with the change of the parcel from Industrial to Flood Plain. Later, et al v. Planning and Zoning Commission of the Town of Cromwell, CV 90-0057085S (J.D. Middletown).
On July 16, 1991, the Cromwell Town Planner notified the plaintiffs that the Commission had filed an application to change the zone designation of the parcel back to Industrial from Flood Plain. On August 13, 1991, the Commission held a public hearing on the application.[2] On August 31, 1991, the Commission voted to approve the application and change the zone designation of the parcel from Flood Plain back to Industrial. The Commission gave four reasons for their decision: (1) to give the owner more uses for his land; (2) to revert it back to what it was originally; (3) federal FEMA and Flood Hazard regulations limit development of the CT Page 2145 area; (4) the continued silence of the owner. (Return of Record ("ROR"), Item 4, Minutes of the August 13, 1991 Public Hearing.)
The plaintiffs allege that the Commission's change of the zone designation was illegal, arbitrary, capricious and an abuse of discretion. The plaintiffs allege that the evidence before the Commission failed to justify the action of the Commission in rezoning, the evidence before the Commission did not reasonably support the approval of the zone change; and the Commission's approval of the zone change was based upon considerations other than those allowed under the Regulations and state law. The plaintiffs further allege that no change of conditions existed to justify a change in zone designation from Flood Plain to Industrial; the Commission failed to recite the reasons which would support its decision to approve the rezoning and/or the reasons given do not support said decision; the notice of the hearing was defective; and the Commission prejudged the application.
The plaintiffs filed this appeal on August 30, 1991. A hearing was held at the Superior Court for the District of Middlesex at Middletown on November 11, 1992.
I. Aggrievement
General Statutes Sec. 8-8(b) provides that "any person aggrieved by any decision of a [planning and zoning commission] may take an appeal to the superior court. . ." General Statutes Sec. 8-8(a)(1) provides that an aggrieved person, for purposes of General Statutes Sec. 8-8(b), "includes any person owing land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the [planning and zoning commission]."
It is not in dispute and the evidence establishes that the plaintiffs have been at all relevant times and continue to be the owners of a parcel consisting of 14 acres of land on the west side of Main Street in Cromwell, Connecticut. Further, it is not in dispute that this parcel was the subject of two zone changes occurring on January 19, 1988 and August 13, 1991. Accordingly, the plaintiffs are statutorily aggrieved.
II. Timeliness CT Page 2146
General Statutes Sec. 8-8(b) requires that an appeal of a decision of a planning and zoning commission "shall be commenced by service of process [on the chairman or clerk of the planning and zoning commission and the clerk of the municipality] within fifteen days from the date that the notice of the decision was published. . ." See General Statutes Sec.8-8(a)(2), 8-8(e) and 8-8(f).
The Cromwell Planning and Zoning Commission published notice of the decision in the Middletown Press on August 19, 1991. (ROR, Item 6, Affidavit of Publication.) In accordance with General Statutes Sec. 8-8(e) the plaintiffs caused process to be served upon the Chairman of the Cromwell Planning and Zoning Commission, Arthur Johnson, and upon the Clerk of the Town of Cromwell, Kimberly O'Rourke, on August 30, 1991. Accordingly, the appeal is timely.
III. Standard and Scope of Review
A zoning commission acts in a legislative capacity when it passes a zone change. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989); Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265,455 A.2d 539 (1983). A trial court is not at liberty to substitute its judgment for that of a local authority which is acting within its legislative powers. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572-53,538 A.2d 1039 (1988). In such circumstances the court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc., supra, 573; Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 470,442 A.2d 65 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. Planning and Zoning Commission,211 Conn. 85, 96, 558 A.2d 646 (1989); Burnham, supra, 265.
The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission of Simsbury, 173 Conn. 23, 26,376 A.2d 385 (1977). Where the zoning authority has stated the reason for its decision, the court is not at liberty to probe beyond them. DeMaria v. Planning and Zoning Commission,159 Conn. 534, 541, 271 A.2d 105 (1970). CT Page 2147
IV. Zone Changes
To be valid a zone change must pass a two-part test, to wit, it must: (1) be in accord with a comprehensive plain and (2) be reasonably related to the normal police power purposes enumerated in General Statutes Sec. 8-2. First Hartford Realty Corporation v. Plan Zoning Commission of Bloomfield,165 Conn. 533, 541, 338 A.2d 490 (1973). "`A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties.'" Id., quoting Summ v. Zoning Commission, 150 Conn. 79, 186 A.2d 160
(1962). If the board acts with the intention of promoting the best interests of the whole community, the requirement of a comprehensive plan is generally satisfied. Id.
V. The Reasons Given Do Not Justify The Commission's Decision
The plaintiffs argue that the Commission acted illegally, arbitrarily, capriciously and in abuse of its discretion because the evidence before the Commission did not support the reasons, and the reasons did not justify the change to the Industrial zone. The four reasons provided by the Commission for the zone change are:
(1) "to give the owner more uses for the land";
(2) "to revert it back to what it was originally";
 (3) "federal FEMA and Flood Hazard regulations limit development of the area";
(4) "the continued silence of the owner".
The plaintiffs argue that the four reasons are "disingenuous". First, the plaintiffs argue that the Commission's desire to "give the owner more uses for the land" is unfounded in the record. The plaintiffs argue that during the course of the public hearing and the meeting at which the Commission made its decision, neither the Commission members nor their staff ever mentioned any uses for the property. In addition, the plaintiffs argue that the Commission's reasoning is contradictory because the Commission stated that it wanted to CT Page 2148 give the owner more uses for the land, while also stating that the reason for the zone change was because federal flood regulations limit the use of the property. The plaintiffs argue that given the inherent contradiction of the Commission's reasoning, the zone change does not represent "responsible planning".
The plaintiffs also argue that the Commission's reason regarding the supposed silence of the owner has no basis in fact. The plaintiffs argue that they made numerous suggestions regarding the zoning of their property by means of statements at public hearings and by a letter to the Commission. Therefore, the plaintiffs argue that because they were never silent on the proposed zone change, the Commission's reasoning that the zone change was implemented to maintain their silence does not have any basis in fact.
The plaintiffs further argue that the real reason for the zone change was the pending civil lawsuit against the Commission for inverse condemnation. The plaintiffs refer to the depositions of Bonnie Anderson, a Commission member, and Craig Minor, the Town Planner, as evidence supporting the plaintiffs' position that the only reason the zone change was made was the pending civil suit instituted by the plaintiffs against the Commission.
The defendant argues that the four reasons provided are sufficient to support its decision to change the zone from Flood Plain to Industrial. The defendant argues that the decision to change the zone was based on General Statutes Sec.8-2. The defendant argues that General Statutes Sec. 8-2 requires a zoning commission to consider certain factors in zoning regulation, including securing safety from floods in the promotion of health and general welfare.
The defendant argues that it was determined at its August 13, 1991 hearing that the plaintiffs' property was sufficiently regulated by the federal government and FEMA. Therefore, the defendant argues that its position was that it did not need to regulate the plaintiffs' property with flood hazard restrictions because of the FEMA regulations. The defendant argues that such a position was consistent with the purposes of General Statutes Sec. 8-2. In addition, the defendant argues that when the plaintiffs' property was originally rezoned from Industrial to Flood Plain in 1987, it CT Page 2149 was concerned about the safety implications brought on by heavy development of the area at that time. The defendant argues that its concerns are not as great today with little or no development and therefore its decision to rezone the parcel back to Industrial is reflective of its realization that with less development of the area the FEMA regulations sufficiently provided for public safety.
The defendant further argues that its decision was based, in part, upon a presentation by the Town Planner at a December 15, 1987 public hearing concerning the original zone change of the parcel from Industrial to Flood Plain. The defendant argues that the testimony of the Town Planner from the December 15, 1987 hearing may be used to supplement the August 13, 1991 hearing on the rezoning of the parcel.
The record does not sufficiently support the reasons for the zone change. The four reasons stated on the record are, in of themselves, insufficient to support the rezone of the plaintiffs' property. The court's function is to determine whether the record reasonably supports the conclusions reached by the agency. Primerica, supra, 96. The Commission gave four reasons for their decision: (1) to give the owner more uses for his land; (2) to revert it back to what it was originally; (3) federal FEMA and Flood Hazard regulations limit development of the area; (4) the continued silence of the owner. However, the record does not reasonably support these conclusions. The minutes from the August 13, 1991 public hearing only reflect the opinion of Arthur Johnson, Vice Chairman of the Commission, who "felt it was appropriate to revert the land back to the former zoning, since this particular area was protected under federal regulations." In addition, the record reveals that Johnson "stated that the landowner had such an opportunity to apply to change the zoning, however, never submitted an application."
There was no further discussion indicated in the minutes of the August 13, 1991 public hearing nor does the fragmentary transcript of the hearing demonstrate that any evidence was presented to the Commission to explain why it came to the conclusion that the parcel was more properly protected by federal regulations. Nor do either of these documents provide any insight as to the other three conclusions reached by the Commission. Therefore, the court finds that the record is insufficient to reasonably support the conclusions CT Page 2150 reached by the agency.
In addition, although the defendant has gone to great lengths to argue that the rezone was consistent with FEMA, General Statutes Sec. 8-2 and the general overall development climate in Cromwell, none of these reasons were stated on the record by the Commission at the August 13, 1991 public hearing. The court is not at liberty to probe beyond the record in order to find support for the Commission's conclusions. DeMaria, supra, 541. Therefore, the court cannot consider the reasoning provided by the defendant outside of the record provided to the court.
The defendant has asserted that the reasoning behind the decision to rezone is reflected in the December 15, 1987 public hearing. There is no authority for the defendant's position that such testimony can be used to support the conclusions reached by the Commission in an August 13, 1991 hearing.
The record does not sufficiently support the decision by the Commission to rezone the plaintiffs' property.
VI. The Commission Prejudged The Application
The plaintiffs argue that decision of the Commission is illegal because the Commission prejudged the application. Relying on the depositions of all four commissioners and the Town Planner, the plaintiffs asset that zoning change application was discussed previous to the public hearing. Based on the Commission's admission that it discussed the matter at a previous meeting and its refusal to respond to questions at the hearing about the proposed change, the plaintiffs argue that it is evident that the Commission had prejudged the application. Therefore, the plaintiff argue that the prejudice of the Commission renders the decision illegal.
The defendant argues that the fact that it was acting on its own application and approved it is not of itself proof of prejudgment. The defendant argues that the record indicates that the Commission was satisfied that the plaintiffs' property was sufficiently regulated by FEMA to satisfy the requirements of General Statutes Sec. 8-2. The defendant argues that the record reflects that it was receptive to suggestions from the plaintiffs as to what zone they wanted and the plaintiffs offered no suggestions other CT Page 2151 than to state that they were opposed to the zone change. Therefore, the defendant argues that there was no prejudgment in the case.
To prove predetermination, it must be shown that the agency members were irrevocably committed to the particular action no matter what evidence was produced. Cioffoletti v. Planning and Zoning Commission, 209 Conn. 544, 555,552 A.2d 796 (1989); Daviau v. Planning Commission, 174 Conn. 354, 358,387 A.2d 562 (1978). "The law does not require that members of zoning commissions must have no opinion concerning the proper development of their communities. It would be strange, indeed, if this were true." Cioffoletti, supra, 555. "It is true that if the public hearing were held merely to comply with statutory requirements, with no thought of changing the proposal regardless of what might have developed at the hearing, the action of the commission would be arbitrary and invalid." Schwartz v. Town Planning Zoning Commission,168 Conn. 285, 293, 362 A.2d 1378 (1975).
The decisive issue is whether the Commission had made up its mind prior to the public hearing, regardless of any arguments that might have been advanced at the hearing. Cioffoletti, supra, 555. This is an issue of fact and the burden of proving the illegality is on the plaintiffs. Id. The plaintiffs assert that the application was prejudged because their application was discussed at an executive session prior to the hearing and the Commission refused to answer questions at the public hearing. The allegation that the application prior to the hearing does not suggest in any way that the Commission was predisposed to rezoning the parcel. Similarly, the court finds that the Commission's refusal to answer questions at the public hearing does not provide any indication that the Commission prejudged the application. Because neither of these factors establish that the Commission prejudged the plaintiffs application, the Commission's decision is not rendered illegal on this basis.
VII. Conclusion
The court sustains the plaintiffs' appeal because the record does not sufficiently support the reasons for the zone change.[3]
It is so ordered. CT Page 2152
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk