ALBERT G. DAVIAU ET AL. v. PLANNING COMMISSION OF THE CITY OF PUTNAM

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

---

Argued November 10, 1977—decision released March 7, 1978

*A. Richard Karkutt, Jr.,* corporation counsel, with whom, on the brief, was *William H. St. Onge,* for the appellant (defendant).

*John J. Maher,* for the appellees (plaintiffs).

Longo, J. The defendant planning commission is appealing from a judgment sustaining the plaintiffs' appeal from the denial by the defendant of the plaintiffs' application for a proposed subdivision in Putnam called "Meadow Acres." The plaintiffs Albert G. Daviau and Lorraine Daviau own the property to be subdivided. The plaintiff Raymond Daddario holds an option to purchase the property.

The finding[1] discloses that on December 13, 1973, the plaintiffs filed an application with the defendant for permission to subdivide their property into fifty-two lots for the construction of single-family homes thereon. With their application the plaintiffs filed a preliminary subdivision plan. The plaintiff Daddario explained the preliminary plan to two of the defendant's five members on January 16, 1974, at a scheduled meeting of the full planning commission, which was not held for lack of a quorum. The defendant received the plaintiffs' final subdivision plan on March 4, 1974. Thereafter, at least four commissioners discussed and evaluated the plan at a private, informal meeting. They determined that it did not conform to the Putnam subdivision regulations.

On March 20, 1974, the subdivision plan was considered at a regular meeting of the commissioners. The plaintiffs' engineer, the superintendent of the Putnam water department, and the Putnam fire marshal appeared at the meeting and presented information concerning the plan. Through their attorney the plaintiffs offered various technical documents pertaining to the plan, but the defendant refused to consider them because they were not received at least ten days prior to the meeting as required by the Putnam subdivision regulations. Immediately after the meeting the plan was disapproved. The three commissioners voting had attended the previous informal meeting in March; two of them had been present at the January

---

[1] Our disposition of the appeal makes it unnecessary to consider the defendant's numerous attacks on the finding. For the same reason we need not consider the defendant's claims that the court erred in certain rulings at trial and that the denial of the plaintiffs' subdivision application was supportable on grounds other than those stated in the defendant's vote.

meeting when the plaintiff Daddario explained the preliminary plan. By letter dated March 26, 1974, the defendant notified the plaintiff Daddario, in language similar to that of the vote: "Disapproval of your plan was necessitated because it does not conform with subdivision regulations: 5:10 (a) No street shall intersect another at the angle of less than 75 degrees. (Your engineer readily admitted that Church and Boston Streets intersect at less than 75 degrees.) 5:7 (a) (2) A secondary residential street shall have a cartway 26 feet in width centered in a right-of-way 50 feet in width. (A section of Boston Street is narrower than 50 feet.)"

The court concluded that the defendant illegally prejudged the subdivision plan, and illegally refused to consider the documents submitted by the plaintiffs at the meeting on March 20. The findings do not support those conclusions. In the first place, there was no finding that the March 20 meeting was a public hearing upon notice. Both § 8-26 of the General Statutes, pertaining to approval of subdivision and resubdivision plans by planning commissions, and § 6.4 (b) of the Putnam subdivision regulations make a public hearing optional, at the commissioners' discretion. A planning commission proceeding without a public hearing has "a wide latitude in the mode permitted to parties in presenting their views before it," and "may use any procedure which is reasonable in attaining the end in view." *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 676, 236 A.2d 917.

Even if the March 20 meeting were a public hearing, the court's conclusions cannot stand. There was no finding that the violations of the subdivision regulations perceived by the commissioners at the

informal meeting were identical or even related to the reasons given for disapproval at the public hearing. More importantly, there was no finding that the commissioners had made up their minds that they were going to disapprove the plaintiffs' plan regardless of any evidence or argument presented at the public hearing. Only such a finding could support the conclusion that the commissioners had crossed the line between permissible formulation of a tentative opinion and illegal prejudgment of the issue. *Pecora* v. *Zoning Commission,* 145 Conn. 435, 444, 144 A.2d 48; *Couch* v. *Zoning Commission,* 141 Conn. 349, 357, 106 A.2d 173. In reaching their decision, the commissioners were justified in rejecting documents filed after the ten-day deadline provided in the subdivision regulations. See *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 406, 408, 143 A.2d 448.

The court further concluded that the defendant could not legally find that the plaintiffs' plan violated the Putnam subdivision regulations in the two respects stated in the defendant's vote and notice to the plaintiff Daddario. The defendant apparently considered each of the reasons given sufficient to warrant its decision. It follows that if either reason was valid, the defendant's decision must be upheld. *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 150, 168 A.2d 547; *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415.

As found by the court, so-called Boston Street in Putnam is forty feet wide and runs approximately east-west. To the west Boston Street intersects Church Street, a public highway. While some of Boston Street adjoins the plaintiffs' property, its

westernmost section, 154 feet in length, adjoins land owned by others. The last twenty feet of this section, and a portion of the Boston Street–Church Street intersection, lie beyond the Putnam city line in the town of Thompson.

In their subdivision plan the plaintiffs proposed to enlarge Boston Street's width to the required fifty feet by adding ten feet from their adjoining property, except for Boston Street's westernmost 154 feet. The court concluded[2] that this section of Boston Street adjoining land beyond the plaintiffs' ownership and control and partly located in Thompson exists as a fait accompli[3] and must be dealt with as such—i.e., the defendant could not legally disapprove the plaintiffs' subdivision plan for nonconformity with the fifty-foot width requirement. This was error.

To begin with, Boston Street is not an improved street. The court further determined, and the plaintiffs do not dispute, that Boston Street has never been accepted as a public street by the city of Putnam. Without an acceptance it cannot be said that the defendant is bound by Boston Street's forty-foot width under principles of dedication or reservation. *Thompson* v. *Portland,* 159 Conn. 107, 113, 266 A.2d 893; *Chattaway* v. *New London,* 133 Conn. 377, 385, 51 A.2d 917; Anderson, American

---

[2] While the court found this as a fact, "[a] deduction from other facts found, whether or not it is called a conclusion, and in whatever part of the finding it is placed, is a conclusion." *Buckley* v. *Webb,* 143 Conn. 309, 315, 122 A.2d 220; *Wambeck* v. *Lovetri,* 141 Conn. 558, 561, 107 A.2d 395.

[3] The term "fait accompli" apparently was taken from *Park Construction Co.* v. *Planning & Zoning Board of Appeals,* 142 Conn. 30, 40, 110 A.2d 614, a case distinguishable on its facts. There a roadway had been constructed along a right-of-way and town officers had approved the right-of-way as a private street.

Law of Zoning (2d Ed.) § 23.28. Nor is Boston Street's status as a private street so well established as to estop the defendant from requiring conformity with the subdivision regulations. Boston Street first appeared on a plan filed in 1899, and is shown on current assessor's, zoning and city maps. It has never been approved by zoning authorities as a private street, however. "The mere filing of maps for the subdivision of a parcel of real estate does not necessarily immunize the subject property from the operative effect of subsequent subdivision regulations. Otherwise, 'a property owner, by the process of map filing, could completely foreclose a zoning authority from ever taking any action with respect to the land included in the map, regardless of how urgent the need for regulation might be.' *Corsino* v. *Grover* [148 Conn. 299, 314, 170 A.2d 267]." *Sherman-Colonial Realty Corporation* v. *Goldsmith*, 155 Conn. 175, 183, 230 A.2d 568.

There remains the question of what legal effect, if any, follows from the facts that the westernmost 154 feet of Boston Street adjoins land owned by others and is located partly in Thompson. The ownership of the fee to Boston Street was not established in this action. Assuming, arguendo, that the plaintiffs have an easement in Boston Street, as determined by the court, their easement consists of a forty-foot-wide right-of-way extending westerly to Church Street. That the plaintiffs do not own or control the land needed to widen the last 154 feet of Boston Street by ten feet was not a sufficient reason for concluding that the fifty-foot width requirement could not legally be applied to that section. Were this the law, a person would be free to subdivide a landlocked parcel without regard to width requirements for access roads as long as he

or she had a right-of-way of any width to a public street. Finally, the fact that Boston Street ends in Thompson was not a bar to the defendant's enforcement of the fifty-foot width requirement for the part of Boston Street within Putnam.

Since Boston Street has not been improved, has not been accepted as a public street or approved as a private street, and does not conform to the Putnam subdivision regulations, we conclude that there was no legal basis for sustaining the plaintiffs' appeal from the defendant's disapproval of the plaintiffs' subdivision application.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.