[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Catherine M. Anniello and Valdis Apinis, appeal a decision of the defendant, the Town of Vernon Zoning and CT Page 9083 Planning Commission (the "Commission") to grant Donald W. Fish's ("Fish") application for a site plan and special use permit. The parties have filed briefs, and the court heard oral argument on May 19, 1995.
FACTS
On or around December 23, 1992, Fish filed a special permit and site plan application with the Commission. (Return of Record ("ROR") #43, 46). The application requested permission to construct a pharmacy on property located at the intersection of Route 30 and Merline Road in Vernon, Connecticut. (ROR # 12 p. 1). The subject property is owned by Fish and is designated as a commercial ("C") zone. (Id.; ROR # 53, p. 2). In a "C" zone, a pharmacy is a permitted use. (ROR #40, 4.9.2.1). Fish needed a special permit because the pharmacy would require more than forty off-street parking spaces and would cause the site to exceed 25,000 square feet. (ROR # 40, 4.9.4.15.4; 4.9.4.15.1; #46).
On January 21, 1993, February 18, 1993 and March 11, 1993, the Commission held public hearings on the application. (ROR # 12, 13, 39 and 53). Notice of the January 16th hearing was published in the Journal Inquirer. (ROR # 41). On April 1, 1993, the Commission approved the Fish application. (ROR # 38, pp. 2-3). On April 9, 1993, notice of the approval was published in the Journal Inquirer. (Complaint, para. 8). On April 27, 1993, the plaintiffs commenced this present action appealing the Commission's approval of said applications. The parties have filed briefs and the court heard oral argument on May 19, 1995.
AGGRIEVEMENT
Aggrievement is a jurisdictional question and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991); DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 588 A.2d 244 (1991). Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. DiBonaventurav. Zoning Board of Appeals, supra, 24 Conn. App. 373,Fuller v. Planning and Zoning Commission, 21 Conn. App. 340,343, 573 A.2d 1222 (1990). "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be CT Page 9084 specifically and injuriously affected as to property or other legal rights." Smith v. Planning and Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987).
During oral argument, both plaintiffs testified that they were abutting property owners. Those who own land that abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning commission are statutorily aggrieved and need not prove aggrievement. See C.G.S. § 8-8a; Smith v.Planning Zoning Board, supra, 203 Conn. 321. Accordingly, based on the plaintiffs' testimony, the court finds that the plaintiffs are aggrieved and have standing to bring this appeal.
STANDARD OF REVIEW
A court may grant relief on an administrative appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc. v. Planning and ZoningCommission, 206 Conn. 554, 573, 538 A.2d 1039 (1988). The court simply decides whether the record reasonably supports the conclusion reached by the agency. DeBeradinis v. ZoningCommission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnership v. Planningand Zoning Commission, 218 Conn. 65, 72, 588 A.2d 624 (1991);Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50,484 A.2d 483 (1984). The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Adolphson v. ZoningBoard of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988).
CLAIMS OF THE PARTIES
In their complaint, the plaintiffs claim that the Commission's decision was illegal, arbitrary, capricious and in abuse of discretion in the following respects. First, the plaintiffs argue that the Commission refused to consider the existence of a restrictive covenant upon the subject property, and, therefore, failed to properly evaluate the applications in terms of compatibility with neighboring uses. They cite Moscowitzv. Planning and Zoning Commission of the Town of Sherman,16 Conn. App. 303, 307, 547 A.2d 569 (1988) for the proposition that a zoning commission must consider a restrictive covenant in making its decision. In response, the defendant asserts that the CT Page 9085 Commission acted properly by not considering the restrictive covenant. It argues that Moscowitz does not require a zoning commission to consider a restrictive covenant. In addition, it cites Mimms v. Planning and Zoning Commission,9 Conn. L. Rptr. 159
(June 28, 1993, Levin, J.) in support of its argument that a zoning commission need not consider restrictive covenants in its decision making process.
The plaintiffs' second basis for the appeal is that a commission member illegally prejudged the application. In response, the defendant argues that there is no basis to believe that any member of the commission improperly cast his vote. In support of its argument, the defendant cites to various pages in the hearing transcript in which the Commission member in question expressed various concerns regarding the pharmacy project.
The plaintiffs next argue that the Commission disregarded the Vernon Traffic Authority's recommendations to deny the application. In response, the defendant contends that there is significant evidence in the record to justify the Commission's belief the pharmacy would pose no internal and external traffic safety problems.
Lastly[1], the plaintiffs assert that the Commission failed to consider and evaluate each criterion set forth in § 17.3.1 of the Town of Vernon Zoning Regulations (the "Regulations") before approving Fish's special permit application. In response, the defendant argues that the Commission did consider and evaluate each criterion set forth in § 17.3.1.
I. The Commission's Decision Not To Consider The Restrictive Covenant Was Not Unlawful
The deed to the subject property contains a restrictive covenant, which provides:
 All of said above-described lots shall be known and described as residential lots. No structures shall be erected, altered, placed or permitted to remain on any of the said above described lots other than one detached single-family dwelling not to exceed two and one-half stories in height and a private garage for not more than two (2) cars.
(ROR Items 25, 26, 53 p. 129). CT Page 9086
At the three public hearings conducted by the Commission on Fish's application, numerous neighbors, who were subject to the same restrictive covenant as Fish, spoke against Fish's application. (ROR Items 12, 13, 39 53). The neighbors testified, inter alia, that they had bought their homes in reliance of the restrictive covenant. (ROR 313, p. 4). In addition, both lawyers for the plaintiffs and defendant testified about the restrictive covenant. (ROR Item 53, pp. 89-95; p. 128, 134). The Commission ultimately decided not to consider the restrictive covenant in making its decision to issue the special permit. (ROR Item #53 pp. 144-146; Supp. ROR p. 8, 10).
"The basic rationale for the special permit . . . is that while certain land uses may be generally compatible with the uses permitted as of right in a particular zoning district, their nature is such that their precise location and mode of operation must be individually regulated because of the particular topography, traffic problems, neighboring uses, etc., of the site." Whispering Wind Development Corp. v. Planning and ZoningComm., 32 Conn. App. 515, 519, 630 A.2d 108 (1994), quoting Tondro, Connecticut Land Use Regulation, p. 175 (2nd Ed.).[2]
The proposed use must satisfy the standards set forth in the regulations and any conditions necessary to protect the public health, safety, convenience and property values. HousatonicTerminal Corp. v. Planning and Zoning Board, 168 Conn. 304, 307,362 A.2d 1375 (1975).
When ruling upon a site plan and special permit, a zoning authority acts in an administrative capacity, and its function is simply to determine whether the proposed use is expressly permitted and whether the standards set forth in the regulations and C.G.S. § 8-2 are satisfied. Double I Limited Partnershipv. Planning and Zoning Commission, supra, 218 Conn. 72 (1991) (special permit); Housatonic Terminal Corp. v. Planning andZoning Board, supra, 168 Conn. 307 (1975) (special permit); A.P. W. Holding Corp. v. Planning and Zoning Commission, 167 Conn. 182,355 A.2d 91 (1974) (special permit); Reed v. Planning andZoning Commission, 208 Conn. 431, 433, 544 A.2d 1213 (1988) (site plan); Sowin Associates v. Planning and Zoning Commission,23 Conn. App. 370, 374, 580 A.2d 91 (1988) (site plan). When the regulations and statutes are satisfied, the board has no discretion to deny a special permit. Felsman v. ZoningCommission, 31 Conn. App. 674, 678, 626 A.2d 825 (1993);Daughters of St. Paul, Inc. v. Zoning Board of Appeals, CT Page 908717 Conn. App. 53, 56, 549 A.2d 1076 (1988); Reed v. Planning and ZoningCommission, supra, 208 Conn. 433. Moreover, "[w]hen a land use agency reviews applications to it, it cannot properly consider private property interests and deed restrictions." Lunn v. DarienZoning Bd. of Appeals, No. 299972S, Judicial District of Fairfield at Bridgeport, (February 25, 1994, Fuller, J.); citingMoscowitz v. Planning Zoning Commission, supra, 16 Conn. App. 318
n. 8[3]; Gagnon v. Municipal Planning Commission,10 Conn. App. 54, 58-59, 521 A.2d 589 (1987). Thus, "[t]he law is well established that restrictive covenants in a deed as to the use of property are distinct and separate from provisions of zoning law and have no influence or part in the administration of zoning law." 83 Am Jur. § 1006.
In the present case, the Regulations provide that the Commission could grant a special permit applications provided that Regulations 17.3.1 and 17.3.2 are satisfied. Regulation 17.3.1. provides that the Commission should consider whether the use will: (1) be compatible with neighboring land uses; (2) create a nuisance; (3) hinder the future sound development of the community and (4) conform to all applicable sections of this ordinance. Regulation 17.3.2 provides that the special permit use should not injure the health, safety and general welfare of the community. The Regulations do not contain any provision regarding restrictive covenants. Thus, since the record supports a finding that all the applicable regulations were met, see supra, pp. 14-16, the Commission had no authority to consider the restrictive covenant. See Gagnan v. Municipal Planning Commission, supra,10 Conn. App. 54 (holding that a commission could not consider the existence of an easement in making its decision.); see also Lunnv. Darien Zoning Bd. of Appeals, supra, Mimms v. Planning andZoning Comm., supra, 9 Conn. L. Rptr. 168.
Moreover, the present case is laden with questions about the continuing applicability of the restrictive covenants. The answers to these questions lie in principles of abandonment, waiver and estoppel. (ROR #53, pp. 129-133). Since these principles involve extensive legal analysis, the court is the proper forum to bring such claims. As the Connecticut Appellate Court noted, "[t]he responsibility of enforcing restrictive covenants in deeds is allocated to neighboring landowners, not a municipal commission." Moscowitz v. Planning Zoning Commission, supra, 16 Conn. App. 311-12 n. 8; see also Gagnan v. MunicipalPlanning Commission, supra, 10 Conn. App. 54. Therefore, to enforce the restrictive covenant, the plaintiffs should bring an CT Page 9088 action for an injunction, where they could seek to enjoin the defendant from violating certain deed restrictions. See Contegniv. Payne, 18 Conn. App. 47, 557 A.2d 122 (1989). Accordingly, the Commission's decision not to consider the restrictive covenant does not render it illegal, arbitrary or capricious.
II. There Is No Basis To Believe That Any Member of the Commission Improperly Cast His Vote
In support of their argument that the Commission decision was unreasonable, arbitrary and illegal, the plaintiffs cite to a statement made by a member of the Commission, Commissioner Slicer ("Slicer"). In the statement, which he made outside the public hearing, Slicer commented that he granted the application "because he concluded that if the applications were denied, the defendant Fish would probably appeal." The plaintiffs argue that this statement demonstrates that the Commission made an illegal prejudgment of the issue.
To prove that a commissioner crossed the line between permissible formulation of a tentative opinion and illegal prejudgment of the issue, there must be evidence that "the commissioners made up their minds that they were going to disapprove the plaintiffs' plan regardless of any evidence or argument presented at the public hearing." Daviau v. PlanningCommission, 174 Conn. 354, 358, 387 A.2d 562 (1978); see alsoCioffoletti v. Planning and Zoning Commission, 209 Conn. 544,555, 552 A.2d 796 (1989). "In essence the plaintiffs [have] to establish that the public hearing was a sham." Massimo v.Planning Comm., 41 Conn. Sup. 196, 201, 564 A.2d 1075 (1989). This determination "involves a question of fact and the burden of proving the illegality is on the plaintiff." Cioffoletti v.Planning and Zoning Commission, supra, 209 Conn. 555.
In the present case, during the public hearing, Commissioner Slicer addressed several concerns he had regarding the project. (Supp. ROR, pp. 6, 14). At the April 3, 1993 public hearing on the application, Slicer said that "[t]he approval or disapproval of this [application] is based on whether or not this is going to be a drugstore." (Supp. ROR, p. 4). In addition, before voting to approve the application Slicer insisted that sidewalks be installed as part of the pharmacy project. (Supp. ROR pp. 14-17). Lastly, Slicer expressed concern over the proposed pharmacy's effect on Vernon Drug Store. (Supp. ROR p. 15). These comments do not support a finding that Slicer prejudged the subject CT Page 9089 application. Accordingly, the Commission's decision is not rendered illegal on this basis.
III. The Record Supports a Finding that the Internal and External Traffic Would not Present Safety Problems
Neither parties submitted nor could the court locate any cases that hold a Commission must adopt the recommendations of a municipal agency. In the various statutes that require an agency to submit a report to a Commission, C.G.S. § 8-3(g), 8-3c,8-26 and 8-3b, the reports are merely advisory. Thus, by analogy the Vernon Traffic Authority's recommendations are not entitled to deferential treatment and should be treated in the same manner as other evidence presented to the Commission.
"An administrative agency is not required to believe any witness . . . nor is it required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair." Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 542, 525 A.2d 940 (1987). "Although the commission cannot come to a conclusion contrary to the expert testimony offered, if the experts' testimony is conflicting or qualified, the committee is free to choose which conclusion it will accept. The test of the propriety of the commission choice is whether there is substantial evidence on the record to support the decision." Tondro, supra, p. 140. "Substantial evidence exists when the evidence is sufficient for a trial court to deny a directed verdict if the trial had been brought before a jury to decide a question of fact." Vicino v.Zoning Board of Appeals, 28 Conn. App. 500, 611 A.2d 444 (1992).
In the present case, the Vernon Traffic Authority repeatedly recommended that the special permit be denied. (ROR #15, 16, 42, Supp. ROR, p. 7). The reasons for its recommendation were concerns regarding "problems with the delivery trucks to the rear of the building, and problems with tractor trailer trucks blocking Merline Road when exiting and entering the site, at Route 30." (ROR #16). The plaintiffs argue that Fish did not resolve any of these concerns when the Commission granted his special permit application. (Plaintiff's Brief pp. 14, 15). Therefore, the plaintiffs argue that by ignoring the Traffic Authority's concerns the Commission decision was illegal, arbitrary or capricious. In support of their argument, the plaintiffs cite to the fact that "one commission member seemed to rely upon his personal knowledge of the Brooks pharmacy organization rather CT Page 9090 than any evidence presented to the Commission." (Plaintiffs' Brief, p. 15). Connecticut case law, however, allows a board member to base his or her decision on their personal knowledge in matters concerning traffic congestion and street safety. Feinsonv. Conservation Commission, 180 Conn. 421, 427 (1980) and cases cited therein. Therefore, the fact that a commission member may have relied on his personal knowledge of the matter does not render the decision illegal, capricious or arbitrary.
In addition, a review of the record shows that while the opponents of the permit presented evidence showing the potential for traffic problems, Fish presented substantial evidence to the contrary. He submitted two traffic studies that demonstrated that the project would not cause any additional traffic problems. (ROR #4, 5). He also offered the direct testimony of Jim Bubarris, a traffic engineering consultant, who testified that the increased traffic would not result in any new traffic problems. (ROR #53, p. 10-14; 108-112, 115-117, 119, 121). In addition, Kenneth Peterson, a licensed land surveyor and engineer with Gardner and Petersen Associates, offered testimony regarding onsite traffic matters. (ROR #53, pp. 5-8, 102). Lastly, Atty. Jacobs, Fish's attorney commented on the traffic concerns. (ROR # 53, pp. 96-98, 101-02, 139, 142-44). Moreover, at least one Commission member visited the proposed site and observed the traffic flow. (Supp. ROR, p. 3). In addition, the Commission discussed various ways that any potential traffic problems could be prevented (Supp. ROR3-6, 9). They formally adopted an amendment that the proposed driveway include a right hand turn only island. (Id.). This demonstrates that the Commission carefully considered and evaluated the plaintiffs' traffic safety concerns. Thus, because the Commission is not required to follow the Vernon Traffic Authority's findings, the defendant supplied evidence contrary to the Traffic Authority's findings, and the Commission fairly considered the traffic safety concerns, the record reasonably supports a finding that the project would not generate any additional traffic problems. Accordingly, the Commission is not illegal, arbitrary or capricious on this basis.
IV. The Commission Considered and Evaluated Each of the Criteria Set Forth in § 17.3.1 of the Regulation Prior to Approving the Defendant's Special Application.
Regulation 17.3.1 provides that:
"[o]nly those uses specifically designated as special CT Page 9091 permits in Section 4, "Use Districts" or Section 8, "Dumps and Incinerator Sites" may be permitted by the Planning and Zoning Commission following a Public Hearing. Such uses shall meet the following requirements:
17.3.1.1 It shall be compatible with neighboring uses.
17.3.1.2 It shall not create a nuisance.
 17.3.1.3 It shall not hinder the future sound development of the community.
 17.3.1.4 It shall conform to all applicable sections of this ordinance.
 17.3.1.5 In the case of conversion of existing residential structures, said conversion shall not alter the residential character of the exterior of the building or increase the existing floor area of the building.
 17.3.1.6 The Commission may at its discretion require the submission of a site plan for approval as outlined in Section 14 of this ordinance.
The plaintiffs argue that the Commission failed to consider that (i) the proposed use shall not create a nuisance; and (ii) the proposed use shall not hinder the future sound development of the community. In terms of the nuisance factor, the plaintiffs argue that the record does not contain any discussion regarding the proposed pharmacy's impact on the surrounding residential areas. The plaintiffs claim that the traffic noise and auto emissions in and around the pharmacy site would constitute a nuisance to the adjacent residential neighborhood. Moreover, the plaintiffs argue that the increase traffic could effect the safety of their neighborhood as people seeking to avoid the congestion of Route 30 and Merline Road decide to travel through the residential areas.
A review of the record demonstrates that all of the criteria listed in Regulation 17.3.1 were met. There was discussion that the project would not constitute a nuisance. (ROR #53, p. 17). There was testimony that the pharmacy physical structure was safe and of an attractive design. (ROR 312, p. 3). Moreover, given the necessary elements of a nuisance[4], it is hard to see how the CT Page 9092 pharmacy would constitute such a nuisance. There was also discussion regarding the pharmacy's impact on future community development. (ROR #53, p. 17).
In addition, the record reflects that the pharmacy's use is compatible with neighboring uses. The record shows that the area surrounding the proposed pharmacy is a commercial zone that presently contains a restaurant, a motel and a gas station. (ROR # 1). Moreover, the subject property is situated at least three hundred feet from the nearest residence and a wooded area physically separate it from the residential area. Id. Therefore, the record reasonable supports a finding that the pharmacy is compatible with neighboring land uses.
In terms of the hindrance factor, the plaintiffs argue that "approval of those applications constitutes governmental sanction of property development in violation of the restrictive covenants." Even assuming arguendo that this is true, an administrative appeal is not the proper forum to enforce a restrictive covenant. See infra, p. 9. Instead, the plaintiff should seek injunctive relief in a separate action in Superior Court. See infra, p. 9.
Thus, the records supports a finding that the Commission did consider all of the criteria listed in Regulation 17.3.1. Accordingly, the Commission's decision will not be rendered illegal, arbitrary or capricious on this basis.
For all these reasons, the appeal is dismissed.
Klaczak, J.