[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Zoning Commission of the Town of Stratford (hereinafter referred to as the Commission) denying an application for a special use for the real property located at 2178-2180 Elm Street in the Town of Stratford. CT Page 7170
The property owner and appellant, John Kucej, has appealed the Commission's decision claiming that in denying his application, the Commission acted illegally, arbitrarily and in abuse of its discretion in a number of specific ways fully set forth in his appeal. He has appealed to this court to have it declare the decision of the Zoning Commission to be null and void; to sustain his appeal; and to order the Zoning Commission to approve the special use.
The court heard evidence and testimony including testimony outside the record. Having considered the evidence and testimony, the record of the proceedings and the applicable zoning regulations of the Town of Stratford and the Connecticut General Statutes, the court makes the following findings and orders.
In his appeal to this court the appellant alleged that the Commission had acted in abuse of its discretion in several ways, including allegations that it failed to properly notice the hearing on his application for a special use; that it entertained improper participation by agency members; and that it entertained improper evidence after the public hearing. The appellant did not raise those allegations in his brief or in his supplemental brief and offered no evidence or testimony regarding those allegations at the time of the hearing on his appeal before this court. Consequently, those grounds for appeal are considered abandoned by the appellant. Shaw vs. Planning Commission, 5 Conn. App. 520,525 (1985).
ISSUES RAISED ON APPEAL I. WHETHER THE ZONING COMMISSION OF THE TOWN OF STRATFORDACTED ARBITRARILY IN FAILING TO GRANT A SPECIAL USE IN THAT ITSDECISION ON THIS MATTER WAS PREDETERMINED.
 II. WHETHER THE ACTION OF THE COMMISSION IN DENYING THESPECIAL USE IS UNCONSTITUTIONAL AS A CONFISCATION.
FINDINGS AS TO THE FIRST ISSUE RAISED ON APPEAL
The appellant is the owner of the subject property and it is unrefuted that he is an aggrieved party as that term is defined by statute and that he has the requisite standing to take this appeal. CT Page 7171
The subject property is a legal, non-conforming multi-family residence in a RS-4 district. The issue before this court is whether or not it is a two family or a three family residence. All multi-family residences are non-conforming as this is a single family residence district.
The appellant offered evidence and testimony to establish that the property, at the time he took title to it, October 6, 1992 (Plaintiff's Ex. B), was actually a three family residence existing as a non-conforming use.
After acquiring title to the property, the appellant undertook to have installed on the third floor of the property a new kitchen and bathroom where none had previously existed.
On or about April 26, 1993, The Town of Stratford, acting by its zoning enforcement officer, ordered the appellant to cease and desist from making certain improvements to the third floor of the property — specifically the installation of a kitchen and bathroom.
Sometime previously, the appellant's request for permission to install a third electric meter to the subject property had been denied by both the Zoning and Building Departments of the Town of Stratford for the reason that the premises was a two family and not a three family house.
The cease and desist order was the subject of a civil action in this court (CV93 0303071 TOWN OF STRATFORD VS. KUCEJ) which ended with a stipulated judgment whereby it was agreed that the appellant was to apply for a special use of the property and that he would be bound by the outcome of that application.
On or about January 11, 1995, the appellant filed a petition for a special case — specifically, "use as three rental units in that use predates zoning regulations."
On February 21, 1995 and on March 21, 1995 the Commission conducted hearings concerning the appellant's application.
On April 10, 1995, the Commission denied the application of the appellant and advised him of that decision in a letter dated April 13, 1995.
From that decision the appellant took this appeal. CT Page 7172
As part of the evidence and testimony in this appeal, the appellant offered several sets of street cards maintained by the Assessor's office (Plaintiff's Ex. C through F). In their oral arguments, both parties offered their interpretation as to the symbols, diagrams, abbreviations and other entries on said street cards in support of their respective claims.
The same street cards were taken into consideration by the Commission at the time of its hearing (Record, Items 4 through 7).
The appellant submitted to the court a collection of photographs of the interior and exterior of the subject premises (Plaintiff's Ex. G through O) from which he argued evidenced that the third floor was actually an autonomous apartment and not an "attic" for the second floor unit. He further argued that the repairs and improvements which he made were just that — and not the new construction of a previously non-existent apartment as the Town of Stratford maintained. The record indicates that all of these arguments were raised by the appellant at the time of the hearing before the Commission. The issue was succinctly set forth by the appellant in his brief of October 6, 1995 (page 2): "No reasonable person could look at the disputed third floor apartment and classify the area as an attic (See record)."
"When a zoning commission acts on an application for a `special permit' or a 'special exception', it acts in an administrative capacity." A.P.W. Holding Corp. vs. Planning Zoning Board 167 Conn. 182, 186 (1975).
"When performing administrative functions, the agency has limited discretion. With special permits, the agency's function is basically to determine whether the application submitted conforms to the agency's existing regulations." DeMaria vs.Planning Zoning Comm., 159 Conn. 534, 540-541.
To prove predetermination, it must be shown that the agency members were irrevocably committed to the particular action no matter what evidence was produced. Daviau vs. Planning Comm.,174 Conn. 354, 358 (1978).
For a variance (special use) to be granted under Conn. General Statute Sec. 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the CT Page 7173 comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be show to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Kelly vs. Zoning Board of Appeals,21 Conn. App. 594, 597-598 (1990).
The burden is on the applicant to prove hardship. Carini vs.Zoning Board of Appeals, 164 Conn. 169, 172 (1972).
Self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance. Adolphson vs. Zoning Board of Appeals, 205 Conn. 703, 711 (1988).
The court finds that the Commission did not act arbitrarily in failing to grant the appellant's application for a special use in that its decision in this matter was predetermined
FINDINGS AS TO THE SECOND ISSUE RAISED ON APPEAL.
The appellant argues that by its denial of the special use he applied for, the Commission has unconstitutionally confiscated his property. The practical consequence of its decision is that he is limited to two rental units in a house which he believed permitted three rental units. Consequently, he will not be able to enjoy any rental income from that third unit. It should be noted that the floor on which, without proper authority, he constructed a kitchen and bathroom is still available to him for other uses such as bedrooms. While he may be limited to the number of tenants he can lease to, he is not limited in seeking a proportionately higher rent for the additional space available to the second floor tenants who may have access to the upper floor. He is not losing any of the rental income that was available to the owner of that house at the time he acquired it. He is being limited, as a consequence of the Commission's action, fromincreasing the revenue he hoped to receive.
Absent a situation amounting to confiscation, financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance, and does not constitute hardship. Garibaldi vs. Zoning Board of Appeals, 163 Conn. 235,239 (1972).
Financial considerations are relevant only in those exceptional situations where application of the zoning CT Page 7174 regulations to the property either destroys or drastically reduces its value for any of the uses to which it could reasonably be put and where the regulations as applied bear so little relationship to the purposes of zoning that application of the regulations to the property have a confiscatory or arbitrary effect. Grillo vs. Zoning Board of Appeals, 206 Conn. 362, 369(1988).
As previously noted, the subject premises is a legal, non-conforming multi-family residence in a single family district. It is entirely within the comprehensive plan to restrict further extensions of any non-conforming uses. Even in doing so, the appellant is not being denied his right to continue to maintain the same number of units which were in place when he acquired title to the property.
The court hereby finds that the appellant has failed in his burden of establishing the second issue raised on appeal, the unconstitutional confiscation of his property as a result of the denial of his application for special use of his property.
For the foregoing reasons the appeal from the decision of the Stratford Zoning Commission is dismissed.
By the Court,
Joseph W. Doherty Judge